UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
DANIEL SMOLKA,

        Plaintiff,

  -against-

NANCY A. BERRYHILL,

        Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-00121-FB

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER J. BOWES
Center for Disability Advocacy Rights
100 Lafayette Street, Suite 304
New York, NY 10013

*For the Defendant*:
JACQUELYN KASULIS
Acting United States Attorney
BY: CANDACE SCOTT APPLETON
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Following a stipulation and order to remand, the Social Security Administration ("SSA") awarded Plaintiff Daniel Smolka $167,825.00 in past-due benefits, 25 percent of which was withheld to cover a possible fee award. ECF No. 20 at 3-4, 19. Pending is Attorney Christopher Bowes' motion for approval of a contingency fee agreement. Bowes seeks a total of $30,000 in attorney's fees, $5,771.00 of which he has already received under the Equal Access to Justice Act

1

("EAJA"). ECF No. 18 at 1-2; ECF No. 19 at 1-2. For the reasons below, Bowes' fee request is granted, but his share of the withheld funds is reduced to $21,140.00.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements so long as they do not provide for a fee that is greater than 25 percent of the total past due benefits and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Bowes' proposed fee of $30,000 is less than 25 percent of the total benefits award, and there is no allegation of fraud. ECF No. 22 at 2. The only question that remains is whether an award of $30,000 for 30.2 hours of work (or $993.38/hour) would result in a windfall for Bowes. It would.

Courts in this Circuit have found that a rate above $700 per hour in Social Security cases is an unreasonable fee for Bowes' services.[1] *See*, *e.g.*, *Davis v. Berryhill,* No. 1:17-CV-4883-FB, 2021 WL 1428577, at *1 (E.D.N.Y. Apr. 15, 2021) (citing recent caselaw that "suggests that Bowes commands a fee of $700 per hour"); *Garmendiz v. Saul*, No. 17-CV-662 (JGK), 2021 WL 847999, at *2 (S.D.N.Y. Mar. 5, 2021) (reducing Bowes' hourly rate from $1,446.56 to $500) (collecting cases); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (finding that an hourly rate of $923.07 "greatly exceed[s] Bowes's standard rate"). Here, this Court finds, as it recently did in *Davis v. Berryhill*, that an hourly rate of $700 is appropriate. 2021 WL 1428577, at *1.

Bowes requests that the Court deduct the $5,771.00 EAJA award already received from the final award. ECF No. 21 at 10. This request is inconsistent with the Supreme Court and Second Circuit's interpretation of the statute. *See Gisbrecht*, 535 U.S. at 796 ("the claimant's attorney must refund to the claimant

---

[1] "[A]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case…may assist a court in determining whether a given fee is reasonable." *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *2 (E.D.N.Y. June 26, 2019) (internal citation omitted). Courts in this Circuit have routinely "reduced attorney's fee awards based on a finding that the de facto hourly rate was unreasonably high." *Caraballo v. Comm'r of Soc. Sec.*, No. 17CV7205 (NSR)(LMS), 2020 WL 9815292, at *4 (S.D.N.Y. Mar. 13, 2020) (collecting cases).

the amount of the smaller fee"); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients"). Accordingly, Bowes' request to deduct the EAJA award is denied.

## CONCLUSION

Bowes' motion is **GRANTED IN PART**. The Commissioner of the SSA is **DIRECTED** to disburse $21,140.00 to Bowes and the remainder to the plaintiff. Upon receipt of these funds, Bowes is **DIRECTED** to refund the $5,771.00 awarded under the EAJA to the plaintiff.

**SO ORDERED.**

     /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 20, 2021